JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VERITY HEALTH SYSTEM OF CALIFORNIA, INC., et al., Debtors. | CV 20-7632 DSF<br><br>OPINION |

    Appellant Strategic Global Management, Inc. (SGM) appeals the Bankruptcy Court's approval of the Chapter 11 liquidation plan (Plan) for the various debtor entities related to Verity Health System of California, Inc.

    SGM had entered into a post-petition contract to purchase several Verity owned hospitals, but the transaction fell through. This failure to close the transaction prompted an adversarial action between the parties where, in addition to claims by the Debtors against SGM, SGM seeks to recover its $30 million deposit, plus interest and fees that it estimates at an additional $15 million. The adversarial action is currently pending before this Court.

    SGM claims that the Bankruptcy Court erred in approving the Plan because (1) the Plan violates 11 U.S.C. § 1129(a)(9) by failing to pay all administrative claims before paying lower priority claims, (2) the Bankruptcy Court had no authority to estimate SGM's administrative claim, (3) the Plan limits funding for any future allowed administrative claims while nonetheless paying lower priority claims, (4) the Plan purports to release claims against non-debtor third parties, and (5) even if it had the power to estimate the administrative claim, the

Bankruptcy Court did not provide adequate process when it estimated SGM's claim.[1]

The Bankruptcy Code requires that "with respect to a claim of a kind specified in section 507(a)(2) . . . [i.e., an administrative claim], on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim." 11 U.S.C. § 1129(a)(9)(A). The Plan does not violate § 1129(a)(9) because SGM admits it does not have an *allowed* administrative claim nor does it argue it should have had an allowed claim as of the effective date of the Plan. SGM's persistent arguments to the contrary ignore the plain language of § 1129(a)(9).

The Bankruptcy Court did not err by estimating SGM's administrative claim for the purposes of plan confirmation. First, and most importantly, the Bankruptcy Court did not estimate SGM's claims for the purpose of claim allowance. It estimated the claim for the purpose of determining plan feasibility under § 1129(a)(11). In fact, Ninth Circuit precedent suggests that the Bankruptcy Court was *required* to estimate the not-yet-allowed claim as part of the § 1129(a)(11) determination. See Matter of Pizza of Hawaii, Inc., 761 F.2d 1374, 1382 (9th Cir. 1985) ("We agree with the district court that the bankruptcy court's finding of feasibility was clearly erroneous because the plan failed to provide for the possibility that Shakey's would recover a large judgment in the civil case.").[2]

Without the ability to estimate administrative claims for the purposes of plan confirmation, bankruptcy courts facing large asserted, but not yet allowed, administrative claims would have two basic choices

---

[1] These are the issues the Court has drawn from SGM's opening brief as SGM failed to provide a statement of issues or a standard of review.

[2] While the claim in Pizza of Hawaii was not an administrative claim, the reason the claim in that case needed to be estimated is the same reason that the administrative claim in this case needed to be estimated – to determine whether there would be sufficient funds to pay the various claimants in accordance with the plan.

at the time of plan confirmation.  They can either put off plan confirmation for months or years until the right to the administrative claim is determined or they can set aside cash for the entire amount of the asserted administrative claim – an amount that may or may not have any rational relationship to the amount likely to be ultimately allowed.  In the context of a contested administrative claim that will only be determined after months- or years-long litigation, the rational approach to plan confirmation is for a bankruptcy court to estimate the amount that will ultimately be allowed.  Otherwise, a purported administrative claimant could hold the entire bankruptcy proceeding hostage by asserting an enormous claim that would prevent any plausible plan from being confirmed.  The Bankruptcy Court did not err in estimating SGM's claims for the purpose of determining the Plan's feasibility.

Nor did the Bankruptcy Court's estimation of SGM's claim violate due process.  SGM was on notice that the Bankruptcy Court intended to estimate the claim and made legal objections to estimation similar to those addressed above.  See Appellant's Appx. (AA) 1386-91 (tentative decision confirming plan); 963-65 (SGM objections to Plan); 1342 (SGM surreply).

SGM argues that it was not given adequate notice that the Bankruptcy Court intended to "borrow[] the § 502(c) procedure."  But the Bankruptcy Court never purported to be applying § 502(c) to SGM's potential administrative claim.  Section 502(c) empowers a bankruptcy court to estimate claims *for the purpose of allowance*.  The Bankruptcy Court was clear that its estimate was for the purposes of determining plan feasibility only and not for the purposes of fixing the allowed amount of SGM's claim. AA 1392 ("To be clear, the Court's estimation of the SGM Admin Claim is made only for the purposes of determining plan feasibility under § 1129(a)(9). The estimate does not prevent the SGM Admin Claim from being allowed at a higher amount in the future.").

SGM also argues that the Bankruptcy Court had no jurisdiction to estimate its claim because this Court is presiding over the adversary

action that will ultimately determine the amount the estate owes SGM. This argument fails because the Bankruptcy Court's estimation was for the limited purpose of determining plan feasibility and will have no preclusive effect in the adversarial action. Even if it is correct that the amount set aside in the Plan to satisfy SGM's claim may *practically* limit the amount of SGM's recovery if the Administrative Claims Reserve is depleted, this is the reality for any creditor who has a contingent claim that will not be fixed and allowed prior to the effective date of the bankruptcy plan. In order for the bankruptcy process to function in a reasonably timely manner, the Bankruptcy Code gives a bankruptcy court discretion to determine whether a plan sets aside a sufficient amount to satisfy whatever contingent claims may exist. Inherent in this is that a bankruptcy court may mistakenly allow the plan proponents to set aside too little. Of course, the plan proponents could also set aside too much. In the present case, the Bankruptcy Court decided SGM's claims in the adversarial action were very unlikely to succeed and estimated SGM's claims at $0.[3] Yet the Plan sets aside $30 million for a possible payment to SGM – far in excess of what the Bankruptcy Court thought was needed.[4]

The Court will not address the propriety of the breadth of the releases in the Plan because SGM lacks standing to raise an objection to the releases.

To appeal an order of a bankruptcy court, the appellant must be a "person aggrieved" by the order – that is, a party who is "directly and

---

[3] On appeal, SGM has not directly argued that the Bankruptcy Court substantively erred in making its $0 estimate.

[4] SGM's argument against the limited amount set aside for total administrative claims under the Plan fails given that it was proper for the Bankruptcy Court to estimate administrative claims, including SGM's claim. The point of estimating the claims for the purposes of plan confirmation was to be able to set aside an amount reasonably likely to satisfy any administrative claims that would be allowed in the future and to permit the Plan to proceed before all potential administrative claims were adjudicated.

adversely affected pecuniarily" by the order. In re Fondiller, 707 F.2d 441, 442-43 (9th Cir. 1983).

SGM has not identified any claims it has against third parties that might be barred by the releases, either below or on appeal. SGM argues that because it is adversely affected by parts of the plan confirmation order, it can appeal any portion of the confirmation order even if it is not affected by that particular provision of the Plan. But, in addition to being affected by the order appealed from, an appellant must assert its own interests, not other parties' interests. Under this principle, in the bankruptcy context, the nature of the multitude of parties and provisions in a bankruptcy plan requires an appellant to be aggrieved by the particular provision of the plan it is appealing. See In re Umpqua Shopping Center, Inc., 111 B.R. 303, 305-306 (9th Cir. BAP 1990).

The order of the Bankruptcy Court is AFFIRMED.

Date: March 23, 2021

_____
Dale S. Fischer
United States District Judge

5